UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE M. CLAY,<br><br>    Petitioner,<br><br>    v.<br><br>ROBERT NEUSCHNID, et al.,<br><br>    Respondents. | Case No. 19-cv-06320-HSG<br><br>**ORDER DENYING REQUEST FOR COUNSEL; GRANTING EXTENSION OF TIME**<br><br>Re: Dkt. No. 32 |

Petitioner, a state prisoner incarcerated at Solano State Prison, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a conviction from Contra Costa County Superior Court. Dkt. No. 1. Petitioner has filed a pleading requesting that the Court appoint him counsel to assist him with filing a traverse in this action. Dkt. No. 32. Petitioner reports that the prison instituted a Covid-19 lockdown which limited his access to the law library in January and February 2021. *Id*. at 1–2. Petitioner also reports that he previously requested an extension of time to file a traverse, which was never docketed with the Court. *Id*. at 6. In addition, Petitioner asserts that he has been unable to review the supplemental video filings in this case because he does not have access to a DVD player. *Id*. at 7.

The Sixth Amendment right to counsel does not apply in habeas corpus actions. *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is within the discretion of the district court. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). The courts have made appointment of counsel the exception rather than the rule by limiting it to: (1) capital cases; (2) cases that turn on substantial and complex procedural,

1  legal or mixed legal and factual questions; (3) cases involving uneducated or mentally or
2  physically impaired petitioners; (4) cases likely to require the assistance of experts either in
3  framing or in trying the claims; (5) cases in which the petitioner is in no position to investigate
4  crucial facts; and (6) factually complex cases. *See generally* 1 J. Liebman & R. Hertz, Federal
5  Habeas Corpus Practice and Procedure § 12.3b at 383-86 (2d ed. 1994). Appointment is
6  mandatory only when the circumstances of a particular case indicate that appointed counsel is
7  necessary to prevent due process violations. *See Chaney*, 801 F.2d at 1196. The Court finds that
8  the interests of justice do not warrant the appointment of counsel at this time because the issues
9  are not complex, and Petitioner has shown that he can present his claims adequately. The Court
10 therefore exercises its discretion and DENIES Petitioner's request for appointment of counsel
11 without prejudice to *sua sponte* appointing counsel if circumstances so require. *See, e.g., LaMere*
12 *v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987) (no abuse of discretion in denying appointment of
13 counsel where pleadings illustrated that petitioner had good understanding of issues and ability to
14 present forcefully and coherently his contentions); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.
15 1984) (no abuse of discretion in denying request for appointment of counsel where petitioner was
16 over 60 and had no background in law, but thoroughly presented issues in petition and
17 accompanying memorandum).

With respect to the supplemental video filings, Dkt. No. 31, Petitioner should seek the
18 assistance of the prison librarian in viewing the videos. The Court requests that the prison
19 litigation coordinator and law librarian assist Petitioner in viewing the videos.

20 Finally, the Court construes Petitioner's filing to include a request for an extension of time
21 to file a traverse. The Court notes that more than five months have elapsed since the filing of
22 Respondent's Answer in this case. Dkt. No. 21. Although Covid-19 restrictions may have limited
23 Petitioner's access to the law library, it appears that Petitioner did have access prior to January
24 2021. Given that the traverse was due on November 9, 2020, Petitioner has not shown good cause
25 for his delay in prosecuting this case. Nevertheless, in the interests of justice, the Court grants
26 Petitioner an additional **forty-five (45) days** from the date of this order to file a traverse in this
27 action.
28

**IT IS SO ORDERED.**

Dated: 3/19/2021

HAYWOOD S. GILLIAM, JR.
United States District Judge